## Commonwealth v. Bertman

*John E. Flynn,* assistant district attorney, for Commonwealth.

*H. Lester Haws,* for defendant.

DANNEHOWER, J., November 13, 1939.—Defendant, Herman Bertman, was indicted and tried on a bill of indictment containing five counts charging him with violations of the Criminal Code of March 31, 1860, P. L. 382, concerning lotteries, and was convicted by a jury on counts three and four, charging him with being concerned in the managing, conducting, and carrying on of a certain illegal lottery, namely, the "numbers game". He has filed a motion for a new trial, alleging the usual reasons, and, in addition thereto, that the trial judge

erred in overruling and refusing defendant's motion to withdraw a juror when the Commonwealth's witness testified that defendant admitted he had been arrested twice on the same charge.

Patrick McKee, Chief of the Abington Township Police, testified that on three occasions he had observed a certain automobile parked on Harper Avenue and had seen known numbers-writers contact the car and its occupant; that on the third occasion, on March 29, 1939, he arrested defendant, the only occupant of this car; that he found 155 number slips and a numbers book concealed in the car and one number slip and $70.50 in change in defendant's pockets; that the total of the plays on the number slips found amounted to $69.69, and that after he arrested defendant, he took him to the police station, where he was later questioned.

During the course of his testimony the chief was asked by the assistant district attorney as follows:

"Q. In the course of your conversation with him, did you ask him about his prior visits to Abington the days you testified, the 23d, and 27th?

A. This man refused to answer any questions at all, until he was being interrogated, when he did admit he was arrested twice on this same charge.

Mr. Haws: Objected to, and ask for the withdrawal of a juror.

Mr. Flynn: It is the admission of the defendant. He, himself, ventured it.

The Court: Yes, admission of the defendant to the police department, and anything he said can be used against him, unless it wasn't voluntary. The motion is refused and an exception granted the defendant."

After the chief of police and one other policeman testified on behalf of the Commonwealth, the Commonwealth rested. Defendant did not testify nor call any witnesses in his behalf.

A careful consideration of all the testimony discloses that there is no merit in any of the reasons assigned for

a new trial, except the refusal of the trial judge to grant defendant's motion for the withdrawal of a juror.

Therefore, the question presented for decision is: Whether a statement made by a defendant "that he was arrested twice on the same charge" after his arrest, and when he had refused to answer any questions concerning the crime for which he was arrested, is a competent and relevant admission at his trial, when he did not testify or produce any witnesses in his behalf?

This answer of the Commonwealth's witness did not offend against the provisions of the Act of March 15, 1911, P. L. 20, sec. 1, which provides that a defendant, on cross-examination, cannot be asked, and if asked, shall not be required to answer, any question tending to show that he has committed or been charged with, or been convicted of any offense other than the one wherewith he shall then be charged. It has been held in a number of cases that this act extends only to the cross-examination of the accused and does not relate to affirmative proof by the Commonwealth. In the present case, defendant did not take the witness stand, and, therefore, the Act of 1911, supra, has no application: Commonwealth v. Williams, 307 Pa. 134.

Ordinarily, proof of independent crimes having no connection with the one on trial cannot be received unless it tends to establish the guilt of the defendant of the particular offense under consideration by the jury, though if such relation is shown the proof is admissible: Commonwealth v. Weston, 297 Pa. 382. The Commonwealth, in this instance, would not have been permitted to introduce records showing that defendant had been convicted on prior occasions for being engaged in an illegal lottery. However, the Commonwealth made no attempt to prove a prior record. Its witness testified to a statement made by defendant, not at the time of his arrest, as part of the res gestæ, nor as a part of a confession concerning the crime charged, because defendant refused to answer any ques-

tions concerning the crime with which he was charged. So we have here a defendant refusing to answer any questions concerning the crime with which he was charged, but who stated that he had been twice arrested on this same charge. It must be noted that the word "arrested" was used, and not "convicted".

An admission has been defined as being a statement by the accused, direct or implied, of facts pertinent to the issue and tending, in connection with proof of other facts, to prove his guilt. Admissions are competent evidence where they are pertinent to the issue and where they tend to incriminate the accused and connect him with the crime charged. But in the instant case, the admission of defendant that he had been twice arrested for the same offense, standing alone, in our opinion does not tend to prove any element of the crime charged, nor does it throw any light on the issue being tried or elucidate the subject matter of the trial, but is wholly independent of that for which he is on trial. If defendant were being tried on the charge of being a common gambler, then, we could well see the competency and relevancy of such testimony.

We conceive it to be the duty of the trial judge to protect, defend, and safeguard the rights of the Commonwealth, and the rights of the accused, to the end that the innocent be protected and the guilty punished. It is our duty to see to it that every defendant has a fair trial, free from prejudicial error. We, therefore, conclude that the answer of the Commonwealth's witness was not responsive to the question asked, that it was not pertinent to the issue being tried, nor did it tend to incriminate the accused and connect him with the crime charged. Such evidence was incompetent and inadmissible, and undoubtedly prejudicial to defendant.

And now, November 13, 1939, for the foregoing reasons, defendant's motion for a new trial is granted, and said case is ordered on the next criminal trial list for retrial.